**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,          ) | No.  06-0133M |
|            Plaintiff,     ) | **ORDER** |
|                     ) | |
| vs.                       ) | |
|                     ) | |
| Mario Perez-Ramirez,       ) | |
|            Defendant.     ) | |
|                     ) | |
| _____ ) | |

       The Court considered the status of the material witnesses' detention at a hearing on April 11, 2006.  The two material witnesses were taken into custody on March 23, 2006, and have been detained as material witnesses since that time pursuant to an order of detention entered on March 28, 2006. Originally an April 6, 2006 date was set for a status hearing regarding possible depositions of the material witnesses.  It appears that depositions of the material witnesses may have been contemplated for that date.  On April 4, 2006, new counsel was appointed for Defendant and Defendant moved to continue the material witness depositions until April 11, 2006, to allow new counsel to prepare and to allow an interpreter to be retained.  It appears that Defendant speaks an unusual dialect and that the special arrangements necessary to procure such an interpreter required extra time.  Subsequent to this request, new counsel for Defendant requested that Defendant undergo a competency examination.  On April 6, 2006, Judge Mathis granted the motion for a competency evaluation and apparently this evaluation has been scheduled for on or about April 27, 2006.

1    Counsel for material witnesses objects to the continued detention of her clients through

2    this date and requests that they be released from custody.  The government contends that

3    detention through the time of the competency evaluation – a period of detention of some 35

4    days – would not be unreasonable.

5    Title 18 of the United States Code, § 3144 provides "No material witness may be

6    detained . . . if the testimony of such witness can adequately be secured by deposition, and if

7    further detention is not necessary to prevent a failure of justice."  In considering this issue the

8    Court is guided by the Court's General Order 05-34 which provides for a presumptive time table

9    of detention for three working days for interviews plus five working days for taking of the

10   deposition of the material witness.  The proposed delay from sometime after Defendant's

11   competency evaluation considerably exceeds the time period provided by the General Order.

12   Accordingly, the Court has ordered in a Minute Entry issued April 11, 2006, that the

13   material witness depositions go forward on April 21, 2006.  In light of the nature of the

14   allegations in the Complaint there is no reason that defense counsel cannot proceed with these

15   depositions.  The circumstances of this case are not so novel that counsel could not readily

16   anticipate all areas of possible inquiry and cover those in the material witness depositions.

17   Moreover, the circumstances of the arrest were observed by agents who likely have prepared

18   reports and Defendant waived his Miranda rights at the time of arrest and provided a statement

19   which also provides information for defense counsel to use at the material witness depositions.

20   Defendant shall be present for these depositions and will be able to confront these witnesses.

21   If the mental health examination results in the Court's determination that the Defendant is

22   incompetent or may need to be treated with the hope of restoring him to competency, this

23   prosecution may be jeopardized by the procedure the Court has outlined but the government has

24   the means available to it to parole the material witnesses and avoid this possible issue.  At some

25   point the Court may need to weigh any prejudice that might come to Defendant if his ability to

26   assist was limited by a compromised mental heath status but the Court anticipates that the

27   potential for such prejudice is low.  On the other hand, the prejudice to the material witnesses,

28

1 set forth on the record at the April 11, 2006 hearing, from continued detention in custody would

2 be significant.

3      The depositions of the material witnesses will go forward April 21, 2006 at 10:00 a.m.

4      **IT IS ORDERED** that the United States shall comply with its discovery obligations

5 pursuant to Rule 15(e)(3), F.R.Cr.P., by making available to the defendant "... any statements

6 of the witness being deposed... ."

7      **IT IS FURTHER ORDERED** that the U.S. Marshal arrange for defendant who is in

8 custody to appear in street clothes <u>not</u> in jail uniform.

9      The Court also has set on April 21, 2006 at 3:30 p.m., a status hearing regarding the

10 release of the material witnesses.  Absent a showing of a failure of justice, the material

11 witnesses will be released.

12      DATED this 17th day of April, 2006.

13

14

15

16 _____

17 David K. Duncan
       United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28